IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-00-79-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| VICTOR MANUEL SAUCEDO, | |
| Defendant. | |

## I. Synopsis

Mr. Saucedo was accused of violating his conditions of supervised release by associating with a felon, failing to follow the instructions of his probation officer, consuming marijuana, failing to answer truthfully all inquiries by his probation officer, and failing to notify his probation officer prior to a change in address. Mr. Saucedo's supervised release should be revoked. He should be sentenced to one month of custody, with 35 supervised release to follow. A condition should be added requiring him to spend 90 days in a residential reentry

center if possible.

## II.  Status

In January 2001, Mr. Saucedo pleaded guilty to Conspiracy to Distribute Controlled Substance(Count I) and Money Laundering (Count II).  (Doc. 31.) Senior United States District Court Judge Jack D. Shanstrom sentenced Mr. Saucedo to life in custody on Count I and 60 months of custody on Count II, to run concurrently.  Judge Shanstrom sentenced Mr. Saucedo to 60 months of supervised release for Count I and 36 months of supervised release for Count II, to run concurrently.  (Doc. 35.)  On September 26, 2002, Judge Shanstrom reduced Mr. Saucedo's sentence to 200 months of custody on Count I and 60 months on Count II, to run concurrently.  All other terms and conditions of the previous judgment remained unchanged.  (Doc. 61.)

Mr. Saucedo began his term of supervised release on August 20, 2015. (Doc. 64.)  On September 15, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Saucedo had violated the conditions of his supervised release in four respects but suggesting no further action be taken at that time.  (Doc. 63.)

**Petition**

On October 1, 2015, the United States Probation Office filed a petition asking the Court to revoke Mr. Saucedo's supervised release.  (Doc. 64.)  Based on

the petition, United States District Court Judge Brian Morris issued a warrant for Mr. Saucedo's arrest. (Doc. 65.) The Probation Office accused Mr. Saucedo of violating Standard Condition 9 of his supervised release by associating with a person convicted of a felony. The Probation Office accused Mr. Saucedo of violating Standard Condition 3 of his supervised release by failing to follow the instructions of his probation officer. The petition alleged Mr. Saucedo violated Standard Condition 7 of his supervised release by consuming alcohol. The petition also alleged Mr. Saucedo violated Standard Condition 3 by failing to answer truthfully all inquiries of his probation officer. The Probation Office accused Mr. Saucedo of violating Standard Condition 6 of his supervised release by failing to notify his probation officer prior to a change in residence. (Doc. 64.)

**Initial appearance**

Mr. Saucedo appeared before the undersigned on October 13, 2015, in Great Falls, Montana, for an initial appearance. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Bryan Dake represented the United States.

Mr. Saucedo said he had read the petition and understood the allegations. Mr. Saucedo waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

On October 13, 2015, Mr. Saucedo appeared with Mr. Gallagher before the undersigned for a revocation hearing. Mr. Dake appeared on behalf of the United States. Mr. Saucedo admitted that he violated the conditions of his supervised release. The violations are serious and warrant revocation of Mr. Saucedo's supervised release.

Mr. Saucedo's violation grade is Grade C, his criminal history category is IV, and his underlying offenses are Class A and C felonies. He could be incarcerated for up to 60 months on Count I and 24 months on Count II. He could be ordered to remain on supervised release for 60 months on Count I and 36 months on Count II, less any custody time imposed. The United States Sentencing Guidelines call for six to 12 months in custody.

The parties jointly recommended a sentence of one month of custody, with 35 months of supervised release to follow. The parties argued this is an appropriate disposition as it emphasizes the seriousness of complying with the conditions of supervised release but does unduly punish Mr. Saucedo. The parties recommended the Court require Mr. Saucedo to spend 90 days in a residential reentry center. Mr. Saucedo addressed the Court and said he had not realized the seriousness of supervised release.

### III. Analysis

Mr. Saucedo's supervised release should be revoked because he admitted

violating its conditions.  Pursuant to the parties' joint recommendation, Mr. Saucedo should be sentenced to one month of custody, with 35 months of supervised release to follow.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.  If possible, Mr. Saucedo should spend 90 days in a residential reentry center.

### IV.  Conclusion

Mr. Saucedo was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Saucedo's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Saucedo's supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> 1.  Victor Manuel Saucedo violated Standard Condition 9 of his supervised release by associating with Billie Rae Dupree, a person convicted of a felony, on or about August 20, 2015.
>
> 2.  Victor Manuel Saucedo violated Standard Condition 3 of his supervised release by associating with Ms. Dupree after his probation officer told him he could not have contact with her.
>
> 3.  Victor Manuel Saucedo violated Standard Condition 7 of his supervised release by testing positive for marijuana on August 21, 2015.
>
> 4.  Victor Manuel Saucedo violated Standard Condition 3 of his

supervised release by failing to answer truthfully all inquiries by his probation officer on August 21, 2015, and August 28, 2015, when he denied any use of marijuana.

5. Victor Manuel Saucedo violated Standard Condition 6 of his supervised release by failing to notify his probation officer of a change in address in August 2015.

The Court **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Saucedo's supervised release and committing Mr. Saucedo to the custody of the United States Bureau of Prisons for one month. He should be sentenced to continued supervised release of 35 months. The same conditions should apply, and a condition requiring Mr. Saucedo to spend 90 days in a residential reentry center if possible should be added.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 14th day of October, 2015.

/s/ John Johnston
John Johnston
United States Magistrate Judge