IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 00-79-GF-BMM-01 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| VICTOR MANUEL SAUCEDO, | |
| Defendant. | |

## I. Synopsis

The United States Probation Office accused Mr. Saucedo of violating two standard conditions of his supervised release by (1) traveling to the Rocky Boy's Indian Reservation despite his probation officer instructing him to remain in Great Falls and (2) by associating with a convicted felon, Robin Swan. The Court should revoke Mr. Saucedo's supervised release and sentence him to twelve months of custody with no supervised release to follow.

## II. Status

In January 2001, Mr. Saucedo pleaded guilty to Conspiracy to Distribute Controlled Substance(Count I) and Money Laundering (Count II).  (Doc. 31.) Senior United States District Court Judge Jack D. Shanstrom sentenced Mr. Saucedo to life in custody on Count I and 60 months of custody on Count II, to run

concurrently. Judge Shanstrom sentenced Mr. Saucedo to 60 months of supervised release for Count I and 36 months of supervised release for Count II, to run concurrently. (Doc. 35.) On September 26, 2002, Judge Shanstrom reduced Mr. Saucedo's sentence to 200 months of custody on Count I and 60 months on Count II, to run concurrently. All other terms and conditions of the previous judgment remained unchanged. (Doc. 61.)

Mr. Saucedo began his first term of supervised release on August 20, 2015. (Doc. 64.) On September 15, 2015, the United States Probation Office filed a Report on Offender under Supervision, alleging Mr. Saucedo had violated the conditions of his supervised release in four respects but suggesting no further action be taken at that time. (Doc. 63.)

On October 29, 2015, the Court revoked Mr. Saucedo's supervised release because he violated its conditions by (1) associating with a felon, (2) failing to follow the instructions of his probation officer, (3) consuming marijuana, (4) failing to answer truthfully all inquiries by his probation officer, and (5) failing to notify his probation officer prior to a change in address. The Court sentenced him to one month of custody on both counts, to run concurrently, and 35 months of supervised release. (Doc. 74.) His next term of supervised release began on November 6, 2015. (Doc. 91.)

On December 15, 2015, The Court again revoked Mr. Saucedo's supervised

release because he violated its conditions by using alcohol and failing to answer his probation officers questions and follow his probation officer's instructions. The Court sentenced him to time served on both counts, to run concurrently, and 33 months of supervised release. (Doc. 89.) His third term of supervised release began on December 15, 2015. (Doc. 91.)

On January 27, 2016, the Court revoked Mr. Saucedo's supervised release for the third time because he failed to report to the United States Probation Office as directed and failed to notify his probation officer prior to a change in residence. The Court sentenced Mr. Saucedo sentenced to four months of custody on each count, to run concurrently, with 24 months of supervised release to follow. His fourth term of supervised release began on May 19, 2016.

**Petition**

On July 26, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Saucedo's supervised release. The Probation Office accused Mr. Saucedo of violating Standard Condition 3 of his supervised release by failing to follow the instructions of his probation officer. The petition further alleged Mr. Saucedo violated Standard Condition 9 of his supervised release by associating with a person convicted of a felony without the permission of his probation officer. (Doc. 106.) Based on the petition, the undersigned issued a warrant for Mr. Saucedo's arrest. (Doc. 105.)

### Initial appearance

Mr. Saucedo appeared before the undersigned on September 13, 2016, in Great Falls, Montana, for an initial appearance.  Federal Defender Anthony Gallagher accompanied him at the initial appearance.  Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Saucedo said he had read the petition and understood the allegations.  Mr. Saucedo waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.  The hearing commenced.

### Revocation hearing

Mr. Saucedo admitted that he violated the conditions of his supervised release. The Court finds that the violations are serious and warrant revocation of Mr. Saucedo's supervised release.

Mr. Saucedo's violation grade is Grade C, his criminal history category is IV, and his underlying offenses are Class A and C felonies.  He could be incarcerated for up to 60 months on Count I and 24 months on Count II.  He could be ordered to remain on supervised release for 24 months on Count I and 24 months on Count II, less any custody time the Court imposes. The United States Sentencing Guidelines call for six to 12 months in custody.

Mr. Gallagher argued that a sentence of 366 days with no supervised release to follow is appropriate. Although Mr. Weldon agreed with Mr. Gallagher that

continued supervised release after Mr. Saucedo's incarceration is unnecessary, Mr. Weldon argued that a sentence of eighteen months in custody is appropriate .

Mr. Gallagher also moved the court to have the following sentence stricken from the petition: "Officer Lafromboise remembered the defendant from a tip issued a few months prior as to his presence on the reservation and previous threats to shoot a female." The United States did not oppose the motion. The Court granted the motion.

### III. Analysis

The Court should revoke Mr. Saucedo's supervised because he admitted violating its conditions. The Court should sentence Mr. Saucedo to twelve months of custody on each count, to run concurrently, with no supervised release to follow. This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV. Conclusion

The Court advised Mr. Saucedo that the above sentence would be recommended to Judge Morris. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Morris would consider Mr. Saucedo's objection, if it is filed within the allotted time, before making a final determination on whether to revoke Mr. Saucedo's supervised release and what, if any, sanction to

impose.

The undersigned **FINDS:**

1. Victor Manuel Saucedo violated Standard Condition 3 of his supervised release by failing to follow the instructions of probation officer by traveling to the Rocky Boy's Indian Reservation.

2. Victor Manuel Saucedo violated Standard Condition 9 of his supervised release by associating with a convicted felon, Robin Swan.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Saucedo's supervised release and committing Mr. Saucedo to the custody of the United States Bureau of Prisons for twelve months on Count I and twelve months on Count II, to run concurrently, with no supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo

determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 19th day of September, 2016.

John Johnston
United States Magistrate Judge